**COMMUNITY FEDERAL SAVINGS AND LOAN ASSOCIATION, et al., Plaintiffs,**

v.

**The HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY, et al., Defendants.**

No. 82–2095C(3).

United States District Court, E.D. Missouri, E.D.

Feb. 13, 1984.

John G. Young, Jr., Ziercher, Hocker, Human, Michenfelder, Nations & Jones, St. Louis, Mo., for plaintiffs.

Joseph H. Mueller, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Keaney, St. Louis, Mo., for Hartford Steam.

Stephen D. Marcus, Clausen, Miller, Gorman, Caffrey & Witous, Chicago, Ill., John H. Quinn, III, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., for Lumbermens.

Paul S. Brown, Brown, James & Rabbitt, St. Louis, Mo., for Zeller.

## MEMORANDUM

HUNGATE, District Judge.

This matter is before the Court for determination on the merits following the nonjury trial conducted on December 27, 1983.

The case concerns plaintiffs' allegation that one or both defendants are liable, under the terms of an insurance policy, for costs incurred by plaintiffs in repairing and replacing a motor in an air conditioning unit. All parties were represented at trial by counsel. After full consideration, the Court hereby makes and enters the following findings of fact and conclusions of law as a result of the parties' stipulations.

### Findings of Fact

1. Plaintiff, Community Federal Savings and Loan Association, is a savings and loan association organized under the laws of the United States of America, with its principal place of business in the State of Missouri, and it is a citizen of the State of Missouri.

2. Plaintiff, Community Savings Service Corporation, is a corporation organized under the laws of the State of Missouri, with its principal place of business in the State of Missouri, and it is a citizen of the State of Missouri.

3. Plaintiff, Community Agency, Inc., is a corporation organized under the laws of the State of Missouri, with its principal place of business in the State of Missouri, and it is a citizen of the State of Missouri.

4. Plaintiff, Nooney Company, is a corporation organized under the laws of the State of Missouri, with its principal place of business in the State of Missouri, and it is a citizen of the State of Missouri.

5. Defendant, The Hartford Steam Boiler Inspection and Insurance Company, is a stock casualty company, duly organized and existing under the laws of the State of Connecticut, engaged in the insurance business, for hire, in the State of Missouri, and elsewhere, and the principal place of business of said corporation is in the State of Connecticut, and it is not a citizen of the State of Missouri.

6. Defendant, Lumbermens Mutual Casualty Company, is a mutual casualty company, duly organized and existing under the laws of the State of Illinois, engaged in the insurance business, for hire, in the State of Missouri and elsewhere, and the principal place of business of said corporation is in the State of Illinois, and it is not a citizen of the State of Missouri.

7. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332, and the matter in controversy, exclusive of interest and costs, exceeds the value of $10,000.

8. Defendant, Lumbermens Mutual Casualty Company, issued to plaintiffs a general boiler and machinery policy, number 8XL 103 319 which covered the period of March 29, 1978, through the date of its cancellation on July 31, 1980. Said policy was cancelled by plaintiffs. The policy provided for a $2,500 deductible per accident.

9. On July 31, 1980, defendant, The Hartford Steam Boiler Inspection and Insurance Company, issued to plaintiffs a boiler and machinery standard policy numbered MXP3589621. Said policy is still in

effect. The policy provided for a $1,000 deductible per accident.

10. The four plaintiffs, namely Community Federal Savings and Loan Association, Community Savings Service Corporation, Community Agency, Inc., and The Nooney Company, are named insureds under each of the policies issued by the respective defendants.

11. Plaintiff, Community Savings Service Corporation, owns the building and land known as "#1 Community Federal Center, St. Louis County, Missouri."

12. On July 29, 1980, the 400 horsepower motor of the air conditioning unit chiller number 2 in #1 Community Federal Center failed due to a sudden and accidental damage thereto that necessitated repair or replacement.

13. Plaintiffs notified defendant, Lumbermens Mutual Casualty Company, of said accident. Lumbermens Mutual Casualty Company's representative directed plaintiffs to repair, rather than replace, the unit and authorized use of the repairman who was to perform the corrective work.

14. Repair of said motor was undertaken and paid for by plaintiffs in the amount of $16,117.71.

15. Defendant, Lumbermens Mutual Casualty Company, paid for the expenses incurred by plaintiffs in the amount of $13,019.84 as a covered loss under said policy, said payment reflecting appropriate deductions.

16. Despite the fact that repair work on the motor was performed after the July 29, 1980, failure, the chiller motor failed again on August 19, 1980, after having been in use for less than twenty hours.

17. After the failure of the chiller motor on August 19, 1980, Lumbermens Mutual Casualty Company was notified and repair work was done to the motor at plaintiffs' expense. After repair of the motor was completed, the motor was started up and again failed on August 27, 1980, having been in use for less than sixty hours.

18. After the failure of the chiller motor on August 27, 1980, Lumbermens Mu-

tual Casualty Company was again notified. Plaintiffs made additional expenditures to repair said motor.

19. The motor was repaired and started up again whereupon it failed for the fourth time on February 25, 1981, after having been in use for less than fifty hours.

20. After the failure of the chiller motor on February 25, 1981, plaintiffs notified Lumbermens Mutual Casualty Company and The Hartford Steam Boiler Inspection and Insurance Company, and replaced the chiller motor with a new chiller motor.

21. The chiller motor in question, which failed four times, was an "object" within the definition and coverage of each of defendant Lumbermens' and defendant Hartford's insurance policies issued to plaintiffs.

22. Each of the four failures was due to a sudden and accidental damage to the chiller motor that necessitated repair or replacement of the motor within the definition of "accident" in each of defendant Lumbermens' and defendant Hartford's insurance policies issued to plaintiffs.

23. Prior to trial, the parties agreed that $50,206.33 of the $60,312.88 claimed owed to plaintiffs, was not in dispute. Plaintiffs agreed at trial to further reduce the amount claimed by $1,115.89, resulting in a disputed amount of $8,990.66.

24. The $8,990.66 amount in dispute results from expenditures reasonably related to the four accidents at issue. The recovery sought by plaintiffs is $59,196.99, less any applicable policy deductibles.

25. Subsequent to the initial accident on July 29, 1980, the chiller motor was never effectively repaired, despite the fact of repeated corrective work. An effectively repaired motor could have been expected to have a substantial lifetime of several additional years.

26. Plaintiffs have performed all of the terms, conditions, and requirements of said insurance policies entitling them to recover from either of said defendants.

27. Each of said defendants, Lumbermens and Hartford, has denied insurance coverage to plaintiffs for the amount of expenses incurred in repairing and replacing said chiller motor in the still outstanding amount of $59,196.99.

### Conclusions of Law

1. The Court finds that the insurance policy issued to plaintiffs by defendant Hartford covers the three occurrences which resulted in plaintiffs' uncompensated $59,196.99 loss. In each of the three motor failures after the first July 29, 1980, failure, the mechanical breakdown was sudden and accidental, even though the cause might not have been. *See Cyclops Corp. v. Home Insurance Co.*, 352 F.Supp. 931, 936–37 (W.D.Pa.1973). The cause of each accident is immaterial. *Id.* In each instance, the motor which failed was the same motor which Hartford had previously agreed to insure.

2. Hartford cites *Carriage Club, Inc. v. American Motorists Insurance*, 643 S.W.2d 38 (Mo.App.1982), in support of its contention that Lumbermens is responsible for plaintiffs' loss. In *Carriage Club*, the court held that, where a flood, which was a peril insured within the terms of the policy in issue, was the direct and proximate cause of subsequent damage, the damage was covered notwithstanding the fact that the flood manifested itself and caused damage through some other form (i.e., ice, pressure, earth movement). In *Carriage Club*, however, the same insurance policy was in effect at the time of both the flood and the subsequently manifested damage. In this case, the Lumbermens policy had expired by the dates of the subsequent breakdowns. Even assuming that the subsequent breakdowns were proximately caused by ineffective repair, the "accidents" occurred at a time when the policy was no longer in effect. Thus, Lumbermens is not liable to plaintiff for payment.

3. The Court having determined that three separate accidents occurred after the July 29, 1980, motor failure, defendant Hartford is entitled to make three policy deductions.